UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSE ARNULFO GALINDO DIAZ, (A-Number: 086-831-207),

Petitioner,

v.

CHRISTOPHER CHESTNUT, in his official capacity as Warden of California City Detention Facility,

Respondent.

No. 1:26-cv-09071-KES-CDB (HC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING BOND HEARING WITHIN FOURTEEN (14) DAYS**

Doc. 1

Petitioner Jose Arnulfo Galindo Diaz ("petitioner" or "Diaz") is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and a motion for a temporary restraining order. Docs. 1, 2. Respondent filed a motion to dismiss stating that Diaz is detained pursuant to 8 U.S.C. § 1226(a). Doc. 6 at 1. Respondent concedes that Diaz "is entitled to receive a custody re-determination hearing under section 1226(a)," *id.* at 3, but respondent contends that petitioner requested a hearing but then withdrew this request. *Id.* at 1. But by filing the instant petition, Diaz is affirmatively seeking to have a custody redetermination hearing scheduled. Respondent appears to acknowledge this as he notes that the petition may "be construed as a request for a bond hearing." *Id.* at 3.

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondent is ORDERED to provide petitioner Jose Arnulfo Galindo Diaz (A-Number: 086-831-207) with a bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing

regulations within fourteen (14) days of the entry of this Order. Respondent shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' written notice before the bond hearing in a language that he can understand. Petitioner may be represented by an attorney at this hearing, and respondent may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' written notice before the bond hearing. The neutral decisionmaker must consider petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond. If respondent does not provide petitioner with a bond hearing within fourteen (14) days, then respondent must release him.[1]

The Clerk of Clerk is directed to close this case, terminate all pending motions as moot, and serve the California City Detention Facility with a copy of this Order.

IT IS SO ORDERED.

Dated: November 15, 2026

UNITED STATES DISTRICT JUDGE

[1] This Order does not address the circumstances in which respondent may detain petitioner in the event he becomes subject to an executable final order of removal.